IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11509
Summary Calendar

_____

JUAN VENTURA VERA,

Petitioner-Appellant,

versus

ANNE ESTRADA, INS District Director of Dallas,
Texas; JOHN ASHCROFT, ATTORNEY GENERAL OF THE
U.S.; IMMIGRATION AND NATURALIZATION SERVICE,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1044-X
--------------------
August 21, 2002

Before JOLLY, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Juan Ventura Vera ("Ventura"), an excludable alien who arrived in the United States in the 1980 Mariel boatlift from Cuba, appeals the denial of his 28 U.S.C. § 2241 habeas corpus petition, in which he challenges his continued detention by the Immigration and Naturalization Service ("INS"). The INS most recently took Ventura into custody in 1999, after he completed a prison term for first-degree assault in Missouri, the latest conviction in his extensive criminal history within the United

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States.  In his habeas petition, Ventura argued that the INS seized him without a warrant in violation of the Fourth Amendment, that his continued detention violated his due process rights and right to be free from cruel and unusual punishment, and that he was being forced to work in violation of his Thirteenth Amendment right to be free from involuntary servitude. The district court rejected his due process and Eighth Amendment claims on the merits, concluded that he had waived his Fourth Amendment claim by failing to appeal from the INS's removal order, and failed to address his Thirteenth Amendment claim.

This court reviews de novo the district court's dismissal of a habeas corpus petition challenging the detention of an excluded alien.  Gisbert v. United States Attorney General, 988 F.2d 1437, 1440 (5th Cir. 1993) (addressing similar due process claims by Mariel detainees), as amended by, 997 F.2d 1122 (5th Cir. 1993). We held in Gisbert that an excluded alien's substantive due process rights have not been violated because the indefinite detention is not a "punishment."  Id. at 1441-42.  In addition, because the Attorney General has discretion to grant or deny immigration parole, Ventura has no liberty interest in immigration parole.  Id.  Although the Supreme Court, in the recent Zadvydas v. Davis, 533 U.S. 678 (2001), held that a deportable alien may contest his continued detention in a 28 U.S.C. § 2241 proceeding, the Court distinguished the status of deportable aliens from that of excludable aliens like Ventura. See id. at 682, 692-94.

Ventura's failure to dispute the district court's conclusion that he has waived his Fourth Amendment challenge is tantamount to a failure to appeal the basis upon which this claim was dismissed.  See Brinkmann v. Dallas County Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Although the respondents and district court failed to address Ventura's Thirteenth Amendment claim below, Ventura's allegations regarding his work requirements remain too vague to establish that he is being subjected to "slavery" or "involuntary servitude."  See Watson v. Graves, 909 F.2d 1549, 1552 (5th Cir. 1990); Channer v. Hall, 112 F.3d 214, 217-18 (5th Cir. 1997).

The judgment of the district court is AFFIRMED.  All outstanding motions are DENIED.